LEE COUNTY BANK & TRUST CO. v. ADDA W. SMITH, *et vir.*

161 So. 423.
Opinion Filed May 7, 1935.
Rehearing Denied June 3, 1935.

*Sheppard & Clements,* for Appellant;

*Roy D. Stubbs,* for Appellee.

BUFORD, J.—The appeal in this case is from final decree in favor of complainant in a suit wherein complainant claimed that the sum of Eight Hundred and Eighty ($880.00) Dollars was held by the bank in trust for the complainant and constituted a preferred claim.

The record is reflected in the decree of the Chancellor which is, in part, as follows:

"That on January 16, 1932, plaintiff drew a check for $1100.00 on a Passaic, New Jersey, bank, payable to defendant bank and delivered the same to the defendant; that on January 20, 1932, when defendant bank opened for business a limitation of withdrawal of deposits to twenty per cent. was in effect, and that the aforesaid check was actually paid at the New Jersey bank on January 20th, 1932, and that on January 20, 1932, plaintiff withdrew and accepted from the defendant bank the twenty per cent. withdrawal allowed by said bank."

Upon the findings above stated the Chancellor decreed:

"Therefore, upon consideration of which and upon the authority of Section 6834 C. G. L., and Section 6098 (5), Supplement 1934, and Edwards v. Lewis, 124 Southern 746, the Court finds the equities in this cause with the plaintiff and against the defendant, and that the plaintiff is entitled to a preferred claim for the balance of the said check, to-wit: $880.00.

"It is, therefore, ordered, adjudged and decreed that the plaintiff, Adda W. Smith, do have a preferred claim for the sum of $880.00 against the defendant, Lee County Bank & Trust Company, and that the defendant do give priority

over common creditors of the Lee County Bank & Trust Company as to the payment of said claim."

As the bank did not receive the money represented by the check deposited until after it began operating under a limitation of withdrawal of deposits, the relationship of debtor and creditor between the bank and the complainant did not exist before it began operating its business under limited withdrawals of deposit on January 20, 1932. See Edwards v. Lewis, 98 Fla. 956, 124 Sou. 746, in which we said:

"Under the statute (Sec. 6834, Comp. Gen. Laws of Fla.) the relationship of the depositor of commercial paper with his bank for deposit, even though the deposit is not for collection, is in the nature of principal and agent, until such paper has been collected and payment actually received by the bank, in which event the depositor becomes the creditor of his bank, the debtor."

The mere fact that the complainant depositor on January 20th accepted from the bank an amount equal to twenty per cent. of the deposit, which was all the bank would voluntarily pay him at that time, did not constitute a waiver of his right to demand and receive, and, if necessary, coerce by litigation, the payment of the amount which the bank was due to pay him.

Section 4 of Chapter 14647, Acts of 1931, which was

"AN ACT FOR THE PROTECTION OF STATE BANKS AGAINST EXCESSIVE WITHDRAWALS OR RUNS AND TO PROVIDE FOR LIMITS OF WITHDRAWALS ON SAID BANKS TO TWENTY PER CENT (20%) OF ITS DEPOSITS, PROVIDE THE PROCEDURE TO BE FOLLOWED BY SUCH BANK OR BANKS IN CASE IT SENSES A RUN EITHER BY WITHDRAWAL OF DEPOSITS BY ITS DEPOSITORS EN MASSE OR THROUGH THE CLEARING HOUSE OR HOUSES OR OTHER COLLECTING

260

AGENTS: TO CORRELATE SUCH PROCEDURE WITH RULES AND REGULATIONS OF THE COMPTROLLER," provides:

"Section 4. All deposits received by such bank, banker or trust company after such limitation of withdrawals has begun shall be payable in full on the demand of such depositors, and no such limitation as to withdrawals shall apply to any moneys deposited in such banking institution after the limitation of withdrawals has been placed in effect."

Therefore, it follows, that the decree should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL and DAVIS, J. J., concur.